**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

---

| | |
|---|---|
| **ROGERIO CANDIDO and** | ) |
| **MARINES ALMEIDA,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| | )   **Case No. 23-cv-11196-DJC** |
| **LOREN K. MILLER,** | ) |
| **UR M. JADDOU and** | ) |
| **ALEJANDRO MAYORKAS,** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

---

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                              **February 21, 2024**

## I.   Introduction

Plaintiffs Rogerio Candido ("Candido") and Marines Almeida ("Almeida") have filed this lawsuit against Defendants Loren K. Miller, in her official capacity as the Director of the Nebraska Service Center, Ur M. Jaddou, in her official capacity as Director of the United States Citizenship and Immigration Services and Alejandro Mayorkas, in his official capacity as Acting Secretary of Homeland Security (collectively, "USCIS") seeking an issuance of a writ of mandamus to compel USCIS to adjudicate Candido's I-601A Waiver Application ("Waiver Application") (Count I) and a declaration that USCIS's delay in adjudicating his application violates the Administrative Procedure Act ("APA") (Count II).  D. 1.  USCIS has moved to dismiss.  D. 8.  For the reasons stated below, the Court ALLOWS the motion.

## II.     Standard of Review

### A.     Dismissal for Lack of Subject Matter Jurisdiction under Rule 12(b)(1)

Under Fed. R. Civ. P. 12(b)(1), a defendant may move to dismiss a complaint for lack of subject matter jurisdiction.  "[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence."  Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995) (quoting Taber Partners, I v. Merit Builders, Inc., 987 F.2d 57, 60 (1st Cir. 1993)).  When considering a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), "the district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff."  Aversa v. United States, 99 F.3d 1200, 1209-10 (1st Cir. 1996).  The Court may widen its gaze and look beyond the pleadings to determine jurisdiction.  See Martínez-Rivera v. Puerto Rico, 812 F.3d 69, 74 (1st Cir. 2016).  Further, "[w]hen faced with motions to dismiss under both 12(b)(1) and 12(b)(6), a district court, absent good reason to do otherwise, should ordinarily decide the 12(b)(1) motion first."  Ne. Erectors Ass'n v. Sec'y of Lab., 62 F.3d 37, 39 (1st Cir. 1995).

### B.     Dismissal for Failure to State a Claim under Rule 12(b)(6)

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), the Court must determine if the facts alleged "plausibly narrate a claim for relief."  Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citation omitted).  Reading the complaint "as a whole," the Court must conduct a two-step, context-specific inquiry.  García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013).  First, the Court must perform a close reading of the claim to distinguish the factual allegations from the conclusory legal allegations contained therein.  Id.  Factual allegations must be accepted as true, while conclusory legal conclusions are not entitled credit.  Id.  Second, the Court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the conduct alleged."

2

Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (citation omitted).  In sum, the complaint must provide sufficient factual allegations for the Court to find the claim "plausible on its face." García-Catalán, 734 F.3d at 103 (citation omitted).

## III.    Background

### A.    <u>Unlawful Presence Waiver</u>

Pursuant to 8 U.S.C. § 1182(a)(9)(B)(i)(II), an individual who "has been unlawfully present in the United States for at least one year and then leaves the country is barred from reentering the United States for ten years." Jimenez v. Nielsen, 334 F. Supp. 3d 370, 377 (D. Mass. 2018).  The Secretary of Homeland Security, however, has the discretion to waive this bar if refusing to admit this individual "would result in extreme hardship to the citizen or lawfully resident spouse or parent of such alien."  8 U.S.C. § 1182(a)(9)(B)(v); Jimenez, 334 F. Supp. 3d at 377.  An eligible individual may seek this relief by filing a Form I-601A, Application for Provisional Unlawful Presence Waiver with USCIS.  8 C.F.R. § 212.7(e); Jimenez, 334 F. Supp. 3d at 378.

### B.    <u>Factual Background</u>

The Court draws the following factual allegations from the complaint, D. 1, and accepts them as true for the purpose of resolving the motion to dismiss.

Candido is a citizen of Brazil who entered the United States in 2002 without inspection. D. 1 at 1.  Candido is married to Almeida, a U.S. citizen, and they have three children together, all of whom are U.S. citizens.  Id. at 1-2.  Candido is the sole provider for Almeida and their three children.  Id. at 3.

Candido filed his Waiver Application on February 22, 2021 under 8 U.S.C. § 1182(a)(9)(B)(v) on the basis that removal would cause extreme hardship to his U.S. citizen spouse.  Id. at 6 ¶ 1; D.1-3; D. 1-6.  Almeida, Candido's three children, and his mother-in-law, who is a lawful permanent resident, all depend on Candido financially.  D. 1 at 7 ¶ 7.  Candido and

Almeida opened a flooring business and purchased a home together.  Id. ¶ 8.  Without Candido, however, Almeida would not be able to manage and operate the business on her own.  Id.  Almeida also struggles with mental health issues.  Id. ¶ 7; D. 1-6.

USCIS posts processing times of Waiver Applications on its website.  D. 1 at 6 ¶ 2.  According to the USCIS website, the processing time is based on how long it took USCIS to complete eighty percent of adjudicated cases over the past six months.  Id. ¶ 3; D. 1-5 at 1.  USCIS assigned Candido's Waiver Application to the Nebraska Service Center, which, as of the filing of the complaint here on May 26, 2023, has an estimated processing time of thirty-eight months.  D. 1 at 2.

Since Candido filed his Waiver Application, USCIS's processing time of Waiver Applications has increased.  D. 15-1 at 2 (showing an increase in median processing times from about seventeen months in 2021 to forty-three months is 2023).  As alleged, the more USCIS delays adjudication, the longer its estimated future processing time becomes, which in turn further blocks applicants from inquiring about pending cases.  D. 1 at 6-7 ¶ 4.  In the past, USCIS has processed Waiver Applications within four to seven months from the time of filing, D. 1 at 2, which is no longer the case.

**IV.    Procedural History**

Candido and Almeida instituted this action on May 26, 2023.  D. 1.  USCIS has now moved to dismiss.  D. 8.  The Court heard the parties on the pending motion and took this matter under advisement.  D. 16.

**V.    Discussion**

    **A.    <u>The APA Claim (Count II)</u>**

        *1.    Subject Matter Jurisdiction*

Candido and Almeida argue that USCIS's delay in adjudicating Candido's Waiver Application is unreasonable and violates the Administrative Procedure Act ("APA"). D. 1 at 11. The APA requires that agencies conclude matters before them "within a reasonable time." 5 U.S.C. § 555(b). A court may "compel agency action unlawfully withheld or unreasonably delayed," <u>id.</u> § 706(1), except where another statute "preclude[s] judicial review." <u>Id.</u> § 701(a)(1). USCIS argues that this Court lacks subject matter jurisdiction over Candido and Almeida's claims because Section 1182(a)(9)(B)(v) of the Immigration and Nationality Act ("INA") precludes judicial review of any decision or action by the Secretary regarding an unlawful presence waiver. D. 9 at 4; 8 U.S.C. § 1182(a)(9)(B)(v) (providing that "[n]o court shall have jurisdiction to review a decision or action . . . regarding a waiver under this clause").

At issue here is whether USCIS's delay in adjudicating Candido's Waiver Application constitutes a decision or action regarding a waiver under Section 1182(a)(9)(B)(v) of the INA. The majority of courts to address this question have concluded that courts lack subject matter jurisdiction to review challenges to delays in adjudication of Waiver Applications. <u>See</u>, <u>e.g.</u>, <u>Garcia Sanchez et al. v. U.S. Citizenship and Immigr. Servs.</u>, No. 23-cv-03102, 2023 WL 9500875, at *2-3 (D. Neb. Nov. 16, 2023) (holding that the court lacks subject matter jurisdiction to review unreasonable delay claims under Section 1182(a)(9)(B)(v)); <u>Hernandez et al. v. Miller et al.</u>, No. 23-cv-03084, 2023 WL 9501175, at *2 (D. Neb. Nov. 15, 2023) (same); <u>Cisneros et al. v. Miller et al.</u>, No. 23-cv-03074, 2023 WL 9500782, at *1 (D. Neb. Nov. 14, 2023) (same); <u>Macias v. Miller</u>, No. 4:23-cv-3078, 2023 WL 8253203, at *3 (D. Neb. Nov. 13, 2023) (same); <u>Ybarra v. Miller</u>, No. 4:23-cv-3082, 2023 WL 7323365, at *8 (D. Neb. Nov. 7, 2023) (same); <u>Lemus Solorio</u>

et al. v. Miller et al., No. 23-cv-03071, 2023 WL 9501176, at *7 (D. Neb. Nov. 1, 2023) (same);

Reyes Silva v. Miller, No. 4:23-cv-3038, 2023 WL 7042347, at *8 (D. Neb. Oct. 26, 2023) (same);

Grajales Cortes et al. v. Miller et al., No. 23-cv-03073, 2023 WL 9500788, at *3 (D. Neb. Oct. 20,

2023) (same); Beltran, 2023 WL 6958622, at *6 (same); Boczkowski v. Mayorkas et al., No. 23-

cv-02916 (N.D. Ill. Oct. 6, 2023), D. 16 at 1 (same); Lozoya Rodriguez et al. v. Mayorkas et al.,

No. 22-cv-753 (D.N.M. Sept. 27, 2023), D. 22 at 5 (same); Vijay v. Garland, No. 2:23-cv-157-

SPC-KCD, 2023 WL 6064326, at *2 (M.D. Fla. Sept. 18, 2023) (same); Echeverri v. U.S.

Citizenship & Immigr. Servs., No. 23-cv-21711-RAR, 2023 WL 5350810, at *4 (S.D. Fla. Aug.

21, 2023) (same); Mafundu v. Mayorkas, No. 23-cv-60611-RAR, 2023 WL 5036142, at *4-5 (S.D.

Fla. Aug. 8, 2023) (same); Mercado v. Miller, No. 2:22-cv-02182-JAD-EJY, 2023 WL 4406292,

at *3 (D. Nev. July 7, 2023) (same); Lovo v. Miller, No. 5:22-cv-00067, 2023 WL 3550167, at *4

(W.D. Va. May 18, 2023) (same).

For one example, in Mafundu, the plaintiffs filed an action to compel defendants to issue a

decision on a pending Waiver Application, alleging that USCIS had unreasonably delayed

adjudicating the application.  Mafundu, 2023 WL 5036142, at *1.  The court there concluded that

Section 1182(a)(9)(B)(v) prohibits judicial review of USCIS's delay.  Id. at *4-5.  The court

reasoned that the word "action" has an expansive meaning both under the common dictionary

definition, which defines action as "a thing done" and "the process of doing," and under the APA

definition of "agency action," which includes "a failure to act."  Id. at *4.  The court further

reasoned that the use of "regarding," as the Supreme Court noted in Patel v. Garland, 596 U.S.

328, 338-39 (2022), "generally has a broadening effect, ensuring that the scope of a provision

covers not only its subject but also matters relating to that subject," Mafundu, 2023 WL 5036142,

at *4 (quoting Patel, 596 U.S. at 338-39), and thus "USCIS's decisions about how and when to

adjudicate Form I-601A applications fall within the ambit of the expansive language Congress used when stripping federal courts of jurisdiction to review 'action[s]' regarding waivers."  Id.

The majority view of the cases cited above tends to follow this same reasoning.  Many of these courts, for instance, have concluded that the common dictionary definitions of decision or action are expansive enough to include a delay of adjudication, especially when read alongside the word "regarding."  See, e.g., Reyes Silva, 2023 WL 7042347, at *7 (applying the common dictionary definition of "action," namely "a deliberative or authorized proceeding," and concluding that when coupled with the use of "regarding," "an 'action by the [agency] regarding a waiver under this clause' . . . encompasses the proceedings concerning a waiver"); Ybarra, 2023 WL 7323365, at *7 (same); Vijay, 2023 WL 6064326, at *1-2 (applying the common dictionary definition of "decision," which refers to a "judicial or agency determination after consideration of the facts and the law," and "action," which refers to the "process of doing something," and concluding that the use of "regarding," further broadens the meaning of decision or action to include "matters relating to the decision to grant or deny a waiver"); Echeverri, 2023 WL 5350810, at *4 (applying both the common dictionary definition of decision and action and the APA definition of agency action and concluding that both of these, when coupled with the use of "regarding," cover USCIS's decisions about the pace at which it adjudicates Waiver Applications).

A minority of courts have determined that Section 1182(a)(9)(B)(v) does not strip courts of subject matter jurisdiction.  See Lara-Esperanza v. Mayorkas, No. 23-cv-01415-NYW-MEH, 2023 WL 7003418, at *6 (D. Colo. Oct. 24, 2023) (concluding that Section 1182(a)(9)(B)(v) does not bar judicial review of the plaintiff's APA claim); Granados, 2023 WL 5831515, at *5 (same); Bamba v. Jaddou, No. 1:23-cv-357, 2023 WL 5839593, at *4 (E.D. Va. Aug. 18, 2023) (same). The minority view first rejects the application of the APA definition of agency action.  See

Granados, 2023 WL 5831515, at *4 (concluding that "failure to act" under the APA "means a government *decision* not to make a decision," and because USCIS has not decided to take no action on the waiver application, there has been no failure to act); Bamba, 2023 WL 5839593, at *2 (concluding that the court is not required to apply the APA definition to Section 1182 of the INA because APA definitions are only mandatory in the context of the APA itself).  The minority reasoning also distinguishes Patel.  See Granados, 2023 WL 5831515, at *5 (holding that Patel does not govern the outcome of the motion because Patel "involved review of an actual decision by the Government," namely factual findings); Bamba, 2023 WL 5839593, at *3 (concluding that "this case differs fundamentally from Patel," as Patel dealt with a different statute, Section 1252, and different circumstances, namely "an agency finding of fact prior to a judgment" as opposed to "a failure to make a decision or act").  Finally, the minority reasoning relies upon the ordinary meaning of decision or action, as provided by common dictionary definitions, to conclude that decision and action "infer some affirmative action, not inaction or a failure to act."  Bamba, 2023 WL 5839593, at *2; Lara-Esperanza, 2023 WL 7003418, at *5 (refusing to "conclude that 'decision or action' naturally encompasses government *in*action"); Granados, 2023 WL 5831515, at *5 (concluding that it "cannot read the statutory language as applying to the Government's delay in making a decision").

For the reasons discussed further below, the Court finds the majority view more persuasive. Turning to the dictionary definitions, "decision" is defined as "the act or process of deciding," "a determination arrived at after consideration" and a "report of a conclusion."  It defines "action" as "a thing done" and "the accomplishment of a thing usually over a period of time, in stages, or with the possibility of repetition."  Although Patel concerns reviewability of factual findings in an adjustment of status petition under a different jurisdiction stripping provision, the Court's

consideration of the word "regarding" is not limited to the specific provision at issue in that case. The Supreme Court suggested that its interpretation applies more broadly, concluding that "the use of 'regarding' 'in a legal context generally has a broadening effect, ensuring that the scope of a provision covers not only its subject but also matters relating to that subject.'" <u>Patel</u>, 596 U.S. at 338-39.  As the majority of courts have concluded, a decision or action regarding a Waiver Application would comprise decisions made about the process of adjudicating a Waiver Application, including delays that may arise from USCIS's decision to prioritize other matters.

Moreover, this Court has considered, as the court in <u>Beltran</u> noted, that "judicial review of the complained-of delays necessarily would require meddling into the 'affirmative action[s]' . . . of the USCIS that have resulted in the delayed adjudication of [plaintiff's] waiver application." <u>Beltran</u>, 2023 WL 6958622, at *6 (internal citations omitted).  That is, review of the delay in adjudication would require review of the agency's affirmative decision to prioritize its consideration of other Waiver Applications, which is a decision or action regarding such waivers that "are insulated from judicial review" under Section 1182(a)(9)(B)(v).  <u>Id.</u>, at *6.

For all of these reasons, the Court concludes that it lacks subject matter jurisdiction to review USCIS's delay in adjudication of the Waiver Application and the Court dismisses the claims on this basis.[1]

## VI.   Conclusion

For the foregoing reasons, the Court ALLOWS Defendants' motion to dismiss, D. 8.

**So Ordered.**

/s Denise J. Casper
United States District Judge

---

[1] In light of this ruling, the Court does not reach the USCIS's alternative basis for dismissing under Fed. R. Civ. P. 12(b)(6).  D. 9 at 5.